

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 15-004-BLG-SPW |
|---|---|
| Plaintiff, | CV 16-131-BLG-SPW |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| LAWRENCE ALEX FOSTER, JR., | |
| Defendant. | |

On August 30, 2016, the Court received and filed in this matter a motion under 28 U.S.C. § 2255. The motion was signed "Larry Alex Foster P.O.A. Alberia Foster."

Because a person holding a power of attorney may not appear in court on anyone else's behalf, Foster was given the opportunity to sign the document himself, retain counsel himself, or permit Alberia Foster to retain counsel to represent her as his holder of power of attorney. See Order (Doc. 90) at 2.

On September 19, 2016, Foster responded by signing the motion himself. *Compare* Mot. § 2255 (Doc. 91) at 8 *with* Mot. § 2255 (Doc. 88) at 8.[1] The Court will address the motion Foster signed.

---

[1] Except where another case is cited by cause number, citations to "Doc. [No.]" refer to the number of a document filed in this action.

1

## I. Preliminary Review

The motion is subject to preliminary review before the United States is required to respond. The Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolas"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

Foster was indicted on one count of conspiring to possess at least 50 grams of a substance containing methamphetamine with intent to distribute it, a violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1); and one count of possessing at least 50 grams of a substance containing methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) (Count 2). Indictment (Doc. 12) at 2. About

two months later, a superseding indictment was handed down. It added one count of possessing a firearm in furtherance of the crimes alleged in Counts 1 and 2, a violation of 18 U.S.C. § 924(c)(1)(A) (Count 3); and one count of possessing a firearm with an obliterated serial number, a violation of 18 U.S.C. § 922(k) (Count 4). Superseding Indictment (Doc. 27) at 2-4.

If convicted on Counts 1 or 2, Foster faced a mandatory minimum sentence of five years and a maximum sentence of 40 years. 21 U.S.C. § 841(b)(1)(B)(viii). If convicted on Count 3, Foster faced a sentence of five years consecutive to any other sentence. 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii). Count 4 carried a maximum penalty of five years. *Id.* § 924(a)(1)(B).

The parties reached a plea agreement. Foster agreed to plead guilty to Counts 2 and 4 of the Superseding Indictment and waived his right to appeal the sentence. Plea Agreement (Doc. 32) at 2 ¶ 2, 7 ¶ 8. The United States agreed to dismiss Counts 1 and 3 and agreed to recommend Foster receive a three-level downward adjustment for acceptance of responsibility. *Id.* at 3 ¶ 3, 6-7 ¶ 6.

At sentencing, Foster's base offense level under the advisory guidelines was 30. He received a two-level upward adjustment for possession of a firearm and a three-level downward adjustment for acceptance of responsibility. His total adjusted base offense level was 29. He had three criminal history points for a criminal history category of II. His advisory guideline range was 97 to 121

3

months. Pursuant to 18 U.S.C. § 3553(a), Foster was sentenced to serve 70 months in prison, to be followed by a five-year term of supervised release. Am. Judgment (Doc. 63) at 2-3.

Foster appealed, and new counsel was appointed to represent him. The appeal was dismissed on August 22, 2016. *See* Order (Doc. 75); 9th Cir. Order (Doc. 87).

Foster timely filed his § 2255 motion on September 19, 2016. Mot. § 2255 (Doc. 91) at 8 ¶ C.

### III. Claims and Analysis

Foster explicitly or implicitly contends that counsel did not provide effective assistance. Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Foster must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

#### A. Recusal

Foster contends that he showed counsel an order connected with the death of

his son and suggested it indicated "cause for conflict of interest with the presiding judge." Mot. § 2255 (Doc. 91) at 6 ¶ 5A. The tragic death of Foster's son, a young man of only 17, was well-publicized in Billings. He was killed several years ago when he lost control of his vehicle while fleeing from police. *See* Presentence Report ¶ 60. In a later, more specific pleading, Foster claims that I "placed constraints on further dissemination of the information of the Movant handling pursuit video," Mem. in Supp. of § 2255 Mot. (Doc. 92) at 5, "so he would not be able to speak u[]pon the death of his son," *id.* at 11.

I recall the death of Foster's son and did recall it at the time of the proceedings in this case. I do not recall issuing an order directed at Foster. But, at any rate, the death of Foster's son had no bearing on this matter. There is no reason to suppose there was a legitimate basis for recusal. Consequently, there is no reason to suppose either that counsel's performance was deficient or that there was a reasonable probability of a different outcome had counsel filed a motion for recusal. This claim is denied.

### B. Pro Se Status

Foster refers to a request that counsel "remove oneself" and allow Foster to proceed pro se. Mot. § 2255 at 6 ¶ 5A.

At no time in the proceedings in this Court did Foster express interest in proceeding pro se. On appeal, counsel moved to withdraw. *See* Mot. to Withdraw

(Doc. 2) at 4-5, *United States v. Foster*, No. 15-30333 (9th Cir. Jan. 6, 2016). The motion was granted and new counsel was appointed. Order (Doc. 75). But Foster submitted some documents to this Court pro se after judgment was entered as well as after new counsel was appointed. For that reason, the Court believes Foster is referring to his desire to proceed pro se after the conclusion of proceedings in this Court and while his case was pending in the Court of Appeals.

Foster is not entitled to relief on the basis of his representation status after judgment was entered in this Court. Nothing he submitted pro se was wrongfully disregarded, nor did dismissal of his inapposite pro se submissions cause him to forfeit any opportunity to proceed. *See* Orders (Docs. 73, 79, 81). This claim is denied.

## C. Sentencing Disparity

Foster was prosecuted for drug trafficking in conjunction with one Harold Kern, who was sentenced to serve one year and a day. *See* Judgment (Doc. 53) at 2, *United States v. Kern*, No. CR 14-83-BLG-SPW (D. Mont. May 14, 2015). Foster claims the disparity between his sentence and Kern's is unwarranted. Mot. § 2255 at 6-7 ¶ 5B. The Court notes that Foster's counsel requested a sentence of a year and a day. *See* Sentencing Tr. (Doc. 84) at 19:8-9.

Kern's advisory guideline range was lower because he had less criminal history than Foster and also qualified for the safety valve, *see* U.S.S.G. § 5C1.2. In

6

addition, while, as Foster says, there may have been "reports" that Kern "carried a firearm for protection," the United States did not charge him with any firearms offenses.

By contrast, when Foster's residence was searched in December 2014, authorities found and seized ammunition and 16 firearms. When the residence was searched again in January 2015, authorities found and seized two more firearms. Despite the numerous firearms and his conviction for a firearms offense, Foster received only a two-point enhancement for possession of a firearm and a sentence significantly below his advisory guideline range.

The sentencing disparity between Foster and Kern was warranted. *See* Sentencing Tr. at 23:16-24:9. This claim is denied.

### D. Appeal

Foster asserts that he wanted counsel to challenge the disparity with Kern, to appeal, and to apply for clemency. Mot. § 2255 ¶ 5C. An appointment of counsel under the Criminal Justice Act does not extend to an application for clemency. *See* 18 U.S.C. §3006A(a)(1), (2). Foster appealed, *see* Notice of Appeal (Doc. 65), but the appeal was dismissed pursuant to the plea agreement, *see* Plea Agreement at 7 ¶ 8. The disparity with Kern was warranted, so even if counsel had done what Foster wanted, there is no reasonable probability of a different outcome. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). This claim is denied.

7

### E. Competency

Foster asserts "the presentence report clearly stated Movant was diagnosed, with medical as well mental health conditions," Mem. at 4 ¶ 7, so that counsel should have sought an evaluation and presented evidence to show Foster was not competent to proceed, *id.* at 3-4, 6-10.

The presentence report says:

> Larry Foster stated he does not have a history of serious mental or emotional problems and he did not require mental health services during his recent incarceration. Larry stated he feels he suffered from depression following the recent deaths of immediate family members, however, he did not receive treatment for his condition or receive prescribed medications.

Presentence Report ¶ 65. Foster lost a son in 2008, his father in 2009, *see* Presentence Report ¶¶ 55, and a daughter in the summer of 2015 while this case was pending. Anyone would be likely to experience symptoms of depression under these circumstances, *see also* Presentence Report ¶ 61, but that is not the same thing as being incompetent. The probation officer who prepared the presentence report reviewed Foster's medical records and found no indication of serious mental health issues or, as Foster now says, amnesia or memory loss. *See* Presentence Report ¶¶ 62-64. There is no reason to suppose counsel would have found such an indication.

The facts Foster alleges, *see* Mem. at 8-9 ¶¶ 13-18, do not support an inference that counsel's performance was unreasonable. *See Strickland*, 466 U.S.

8

at 687-88. Moreover, there is no reasonable probability that Foster would have been found incompetent to proceed. *Id.* at 694. The Court considered Foster's competence as it considers every defendant's competence, *see, e.g.*, Change of Plea Tr. (Doc. 82) at 6:12-10:19, 29:13-30:7, and perceived no cause for concern. Foster's medical needs were known and prompted a recommendation for his placement at a Federal Medical Center. *See* Am. Judgment (Doc. 63) at 2. This claim is denied.

## F. Mitigating Evidence

Foster claims counsel should have brought to the Court's attention three guideline provisions supporting a downward departure. *See* Mem. at 19 (citing U.S.S.G. §§ 5K2.13, 5H1.3, 5H1.4). But Foster's allegations do not demonstrate that he had a "significantly reduced mental capacity," and, as noted, his medical conditions were well known and were considered by the Court in determining a sentence that was sufficient but not greater than necessary to accomplish the objectives of 18 U.S.C. § 3553(a). Sentencing Tr. at 23:2-11. This claim is denied.

## G. Evidentiary Hearing

As all of Foster's claims lack merit, there is no need for an evidentiary hearing.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Foster's claims meets the relatively low threshold for issuance of a COA. This case was entirely separate from any matter connected with the death of Foster's son in 2008. Foster did not express interest in proceeding pro se in this case. The disparity between his sentence and the sentence of a co-conspirator was warranted by Foster's greater criminal history and possession of multiple firearms, including one with an obliterated serial number. Foster received the appeal available to him. There was no indication, either from Foster himself in his court appearances or in any records received by the probation office, to suggest that he might be incompetent to proceed. Foster's medical issues were known to everyone and were considered in determining the appropriate sentence.

Foster's submissions do not support an inference that he might have been deprived of a constitutional right. Reasonable jurists would find no basis to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Foster's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 91, 92) is DENIED for lack of merit;

2. Foster's request for an evidentiary hearing, Mem. at 14-15, is DENIED;

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Foster files a Notice of Appeal;

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-131-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Foster.

DATED this 6th day of December, 2016.

Susan P. Watters
United States District Court