IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LAWRENCE ALEX FOSTER, JR.,<br><br>Defendant. | Cause No. CR 15-04-BLG-SPW<br><br><br>ORDER |

On May 16, 2017, Defendant Foster moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Amendment 794 to reflect the fact that he played a minimal or minor role in the offense. *See* Mot. § 3582 (Doc. 97) at 1-3; U.S.S.G. § 3B1.2.

## Background

Foster was convicted of possessing at least 50 grams of a substance containing methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) (Count 2), and possessing a firearm with an obliterated serial number, a violation of 18 U.S.C. § 922(k) (Count 4). He was sentenced on October 28, 2015. Minutes (Doc. 48); Judgment (Doc. 49). He did not seek a role reduction under U.S.S.G. § 3B1.2. He was sentenced to a total of 70 months in prison, to be followed by five years' supervised release. Am. Judgment (Doc. 63) at 2-3.

1

Four days after Foster's sentencing hearing, on November 1, 2015, an amendment to the commentary to U.S.S.G. § 3B1.2 went into effect. The purpose of the amendment was to broaden the circumstances supporting a downward adjustment for a defendant who plays a minor role in the offense. *See generally* U.S.S.G. Supplement to Appendix C at 114-17 (Nov. 1, 2016); *United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016).

On November 2, 2015, Foster filed a notice of appeal. On August 13, 2016, the parties stipulated that there were no non-frivolous issues to be presented and that dismissal was appropriate. *See* Stipulation (Doc. 13), *United States v. Foster*, No. 15-30333 (9th Cir. filed Aug. 13, 2016). Foster's appeal was dismissed. *See* Order (Doc. 14), *Foster*, No. 15-30333 (9th Cir. Aug. 22, 2016).

On August 30, 2016, Foster filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. The motion and a certificate of appealability were denied on December 7, 2016. *See* Mot. § 2255 (Docs. 88, 91, 92); Order (Doc. 93). Foster's appeal from that decision remains pending. *See United States v. Foster*, No. 16-36033 (9th Cir. filed Dec. 14, 2016).

**Analysis**

Relying on 18 U.S.C. § 3582(c)(2) and Amendment 794, Foster now asks the Court to consider reducing his offense level on the grounds that he played a minor role in the offense. *See* Mot. § 3582 (Doc. 97) at 1-3.

2

The Ninth Circuit Court of Appeals applies Amendment 794 "retroactively" to defendants whose appeals are not exhausted. *See Quintero-Leyva*, 823 F.3d at 521. In a footnote, the *Quintero* court pointed out that the case "did not present the issue of whether, under the Amendment, a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings." *Id.* at 521 n.1.

That is the issue Foster presents. His appeal was open when Amendment 794 was enacted, but it was exhausted several months before he filed the instant motion asking the Court to apply it to his case. Therefore, he must identify a statute or rule that authorizes reopening of his sentencing proceedings.

Generally, 18 U.S.C. § 3582(c) provides that, once a sentence is imposed, a court's authority to alter it is limited. So far as this Court is aware, § 3582(c)(2) provides the only authority for altering a sentence to apply a guideline amendment. Subsection (c)(2) authorizes a sentence reduction for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Amendment 794 clarified application of U.S.S.G. § 3B1.2. It did not lower a sentencing range as, for instance, Amendment 782 lowered the sentencing ranges applicable to drug offenses. *Compare* U.S.S.G. § 2D1.1(c)(1) (Nov. 1, 2013), *with*

3

U.S.S.G. § 2D1.1(c)(1) (Nov. 1, 2014). Moreover, the Commission's policy statement regarding sentence reductions under 18 U.S.C. § 3582(c)(2) is located in U.S.S.G. § 1B1.10. The Commission has not included Amendment 794 in the very small group of "covered amendments" that are given retroactive application. *See* U.S.S.G. § 1B1.10(a)(1), (d) (Nov. 1, 2016). Therefore, 18 U.S.C. § 3582(c)(2) does not authorize the Court to reduce Foster's sentence based on Amendment 794.

Other provisions of 18 U.S.C. § 3582(c) also fail to support Foster's motion. The Director of the Bureau of Prisons has not moved to reduce Foster's sentence. *Id.* § 3582(c)(1)(A). The conditions of Fed. R. Crim. P. 35(a) or (b) have not been met. *Id.* § 3582(c)(1)(B). As for other statutory authority, *see id.*, a motion under 28 U.S.C. § 2255 could lie. *See* Plea Agreement (Doc. 32) at 7 ¶ 8. But, first, it is not possible to say that Foster was so clearly deserving of a minor role reduction that no competent counsel could have failed to seek it. *See id.*; *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Second, Foster has already filed a § 2255 motion, and the current motion relies on neither newly discovered evidence of innocence nor a new rule of constitutional law. *See* 28 U.S.C. § 2255(h); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

18 U.S.C. § 3582(c) does not provide relief for Foster. With or without Amendment 794, at this late date, the Court lacks authority to alter Foster's sentence to accord a three-level reduction in the offense level under U.S.S.G. §

4

3B1.2.

Accordingly, IT IS HEREBY ORDERED that Foster's motion to reduce the sentence under 18 U.S.C. § 3582(c)(2) and Amendment 794 (Doc. 97) is DENIED.

DATED this 18th day of May, 2017.

Susan P. Watters
United States District Court