
FILED
JUL - 7 2017
Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>LAWRENCE ALEX FOSTER, JR.,<br><br>Defendant/Petitioner. | Cause No. CR 15-04-BLG-SPW<br>CV 17-95-BLG-SPW<br><br>ORDER |

On June 30, 2017, the Court received from Defendant Foster a document titled "Petition for Writ of *Audita Querela*." In the petition, Foster asks the Court to apply Amendment 794 of the United States Sentencing Guidelines to his case.

This is not the first time Foster has made this request. On May 16, 2017, he filed a motion under 18 U.S.C. § 3582(c). The motion was denied on May 18, 2017, when the Court found that no provision of 18 U.S.C. § 3582(c) authorized the re-opening of Foster's sentencing proceeding. *See* Order (Doc. 98) at 3-5. Thus, the petition represents Foster's attempt to find law supporting the re-opening of the sentencing phase of his case. *See* Pet. (Doc. 1) at 2.

Foster's position is understandable. Amendment 794 went into effect four days after his sentencing and so may reasonably appear to be a missed opportunity. But, for a few reasons, Amendment 794 was not a silver bullet, and Foster also has

1

no procedural path available to make it apply in his case.

First, Amendment 794 was a clarifying amendment. It did not substantively alter the definition of who qualifies for a minor-role reduction. Moreover, the amendment adopted the approach that was already being used in the Ninth Circuit when Foster was sentenced. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. May 17, 2016). For that reason, Foster would be in the same position he is now if Amendment 794 had become effective four years before his sentencing, rather than four days after it.

Second, even if Foster had sought the benefit of the amendment in his direct appeal, *see* Pet. at 2 ("his appeal was open when Amendment 794 was enacted"), he would not have received it. In *Quintero*, the defendant sought a role reduction under U.S.S.G. § 3B1.2 at sentencing, was denied it, and appealed the issue. But Foster did not seek a role reduction at sentencing. Although he took an appeal, he agreed to dismiss it, *see* Order at 1, *United States v. Foster*, No. 15-30333 (9th Cir. Aug. 22, 2016) (Doc. 87), presumably because he waived his right to appeal in the plea agreement, *see* Plea Agreement (Doc. 32) at 7 ¶ 8. In other words, Foster is now seeking a benefit he would not have obtained even if he requested it at the first possible moment.

Third, as the Court has already pointed out, "it is not possible to say that Foster was so clearly deserving of a minor role reduction that no competent

2

counsel could have failed to seek it." Order (Doc. 98) at 4 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). Amendment 794 does not support a claim that Foster's counsel erred in some fundamental way, largely because it did not change the law of the Ninth Circuit. So Foster cannot get at the benefit of the amendment via the indirect route of an ineffective assistance of counsel claim. In fact, even if Foster could show that counsel was ineffective, he has already filed a § 2255 motion and may not file another in this Court unless the Ninth Circuit Court of Appeals authorizes him to do so. *See* 28 U.S.C. § 2255(h); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

Finally, common-law writs such as *audita querela* are available "only to the extent that they fill 'gaps' in the current systems of postconviction relief." *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) (per curiam); *see also United States v. Carrington*, 503 F.3d 888, 890-91 (9th Cir. 2007). Foster not only had a chance to file a § 2255 motion but did so. Amendment 794 went into effect ten months before he filed that motion, so Foster had an "unobstructed procedural shot" at presenting a claim based on the amendment, on sentencing counsel's decision not to seek a role adjustment in light of it, or on appellate counsel's decision not to raise the issue. *Compare Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks and citation omitted). This is not to say that Foster could have obtained relief if he had brought the claim sooner.

3

The point is that Foster cannot show a "gap" in the current system of postconviction relief, and that means the writ of *audita querela* is not available. *Valdez-Pacheco*, 237 F.3d at 1079-80.

To the extent a certificate of appealability must be addressed, it is denied. Foster has not made a showing that he was deprived of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), and reasonable jurists would not encourage further proceedings, *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED:

1. Foster's "Petition for Writ of *Audita Querela*" (Doc. 100) is DISMISSED.

2. A certificate of appealability, if it must be addressed, is DENIED. The clerk shall immediately process the appeal if Foster files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 17-95-BLG-SPW are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this 6th day of July, 2017.

Susan P. Watters
United States District Court

4